UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEAL STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00231-JPH-KMB |
| | ) |
| ANGELS TO YOUR DOOR CORP, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO COMPEL

Currently pending before the Court is Plaintiff Racheal Strong's Motion to Compel Discovery Responses. [Dkt. 36.] Ms. Strong asks the Court to compel discovery responses from the Defendants, who have allegedly failed to respond despite being served with discovery requests more than four months ago. The Defendants have not responded to the Motion to Compel, and the time to do so has passed. For the reasons detailed below, the Motion to Compel is **GRANTED**.

### I.     RELEVANT BACKGROUND

Ms. Strong filed this lawsuit against her former employers, Defendants Angels to Your Door Corp. ("Angels") and Kamiaha Pinner (collectively, the Defendants).[1] [Dkt. 23.] Ms. Strong alleges Defendants violated the Fair Labor Standards Act, Indiana's Minimum Wage Statute, and Indiana's Wage Claims Statute by failing to pay her overtime premiums and for firing her in retaliation for her overtime complaint with the Indiana Department of Labor. [*Id.* at ¶¶ 9-43.]

Defendants were initially represented by counsel in this action. [Dkt. 10.] Ms. Strong served requests for production and interrogatories on Defendants in May 2024. [Dkt. 36 at 1.] She agreed to extend the Defendants' response deadlines until July 8, 2024. [*Id.*] The Defendants

---

[1] Ms. Pinner is the sole owner of Angels. [Dkt. 23 at ¶ 4.]

requested another extension, which Ms. Strong rejected. [*Id.* at 2.] Defense counsel moved to withdraw her appearance on July 12, 2024, and Ms. Strong filed the present Motion to Compel on July 26, 2024. [Dkts. 32; 36.]

Following a Telephonic Status Conference on August 6, 2024, the Court granted defense counsel's Motion to Withdraw and extended the Defendants' deadline to respond to Ms. Strong's discovery requests to August 15, 2024. [Dkt. 39 at 2-3.] The Court ordered Ms. Strong to withdraw her Motion to Compel by August 22, 2024, if the Defendants met their discovery response deadline. [*Id.*] Alternatively, the Court ordered the Defendants to respond to the Motion to Compel by September 5, 2024. [*Id.*] The Court informed Ms. Pinner that she may represent herself *pro se* in this action if she chooses, but that she may not represent Angels in federal court because it is well-established that a business entity must be represented by an attorney. [*Id.* (citing *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se") (collecting cases)).] No attorney has appeared for either of the Defendants, and their deadline to respond to the Motion to Compel has passed with no response filed. On September 5, 2024, Ms. Strong filed a Notice representing that the Defendants have not responded to the discovery requests. [Dkt. 40.] As such, Ms. Strong's Motion to Compel is now ripe for the Court's review.

## II.     APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and

2

proportional to the needs of the case," and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." The scope of relevance for discovery purposes is broader than the scope of relevancy used for trial evidence. *West v. Wilco Life Ins. Co.*, 2023 WL 2917059, at *4 (S.D. Ind. Apr. 12, 2023) (citation omitted). Once relevancy has been established, "the burden shifts to the objecting party to show why a particular discovery request is improper." *Id.* at *3 (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018)).

The Court's resolution of discovery disputes is guided by proportionality principles. Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd*, 2020 WL 1328640, at *4. The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating and Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 837 (7th Cir. 2014) (emphasizing that "a district court has broad discretion over pretrial discovery rulings").

### III.   DISCUSSION

As an initial matter, the Court construes Defendants' failure to respond to Ms. Strong's Motion to Compel as an acknowledgement of the correctness of the arguments raised therein. *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point

3

is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

The Court finds it appropriate to grant Ms. Strong's Motion to Compel. It has been months since Ms. Strong first issued discovery, and Defendants have not responded despite a prior extension to which Ms. Strong agreed and a subsequent extension allowed by the Court at the hearing when Defendants' counsel withdrew. [Dkt. 39.] Ms. Pinner participated in that hearing and was informed directly that the discovery deadline applied to both her and Angels and that Angels needed to get counsel to represent itself even though Ms. Pinner could represent herself *pro se* if she chose to do so. Angels' lack of counsel is not an excuse for not responding to required discovery and orders from the Court. *Ty, Inc. v. Target Corp.*, 2019 WL 6497379, at *2 (N.D. Ill. Dec. 3, 2019) ("A corporate defendant who cannot proceed *pro se* cannot cause the case against it to be halted interminably or for the course of discovery to be halted while it takes not action to secure substitute counsel."); *Morgan v. CSW Inc.*, 2017 WL 3028128, at *1 (E.D. Wis. May 12, 2017) (stating that a *pro se* corporation's lack of counsel "does not constitute grounds for its failure to respond to discovery."). Ms. Pinner's failure to respond is even more troubling, and her *pro se* status is not an excuse for noncompliance. *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("*pro se* litigants are not excused from compliance with procedural rules"); *see also Odongo v. CEVA Logistics, U.S. Inc.*, 2018 WL 11237075 (S.D. Ind. May 16, 2018) (sanctioning *pro se* plaintiff for violating discovery rules).

Ms. Strong has not sought sanctions and has only asked the Court to compel discovery responses from Defendants at this time. The Court warns the Defendants that Ms. Strong may ask the Court to issue sanctions up to and including default judgment, if appropriate, if these requests

4

continue to go unanswered.  *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  In fact, default judgment can be entered against Angels if the company continues to fail to obtain counsel.  *See U.S. v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008) ("The usual course when a litigant not entitled to litigate *pro se* loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one . . . and if it fails . . . [to] enter a default judgment."); *Firestone Fin. LLC v. Meyer*, 881 F.3d 545, 548 (7th Cir. 2018) (district court defaulted unrepresented corporations).  For these reasons, it is imperative for Angels to obtain counsel promptly, and for both Defendants to comply with their discovery obligations as Parties to this lawsuit.

## IV.    CONCLUSION

For the reasons explained above, the Court **GRANTS** Ms. Strong's Motion to Compel. [Dkt. 36.]  Defendants are **ORDERED** to produce responsive documents and information to Ms. Strong's outstanding discovery requests by **October 11, 2024.**  Defendants must do so by directly sending that information to Plaintiff's counsel and then by also filing a Notice with the Court on the docket stating that they have done so.  **It is not anticipated that this deadline will be extended.**

Ms. Strong is **ORDERED** to file a notice by **October 18, 2024**, indicating whether each Defendant has complied with this Order.  The Notice must separately state the compliance or noncompliance of each Defendant.  Ms. Strong may also file a separate motion seeking sanctions by **November 1, 2024**, should either or both of the Defendants continue not to comply.  In that motion, she may potentially request sanctions under Rule 37(b)(2)(A) for Defendants' failure to comply with this Order or any prior discovery Orders, as well as additional sanctions, including sanctions under Rule 16(f) and expenses under Rule 37(a)(5)(A), based on Defendants' other failures to respond to discovery requests or otherwise engage in this litigation.  If Ms. Strong files

that motion, any response by any Defendant must be filed by **November 22, 2024**.  If a response is filed, then any reply by Ms. Strong must be filed by **December 4, 2024.  It is not anticipated that these deadlines will be extended.**

     SO ORDERED.

Date: 9/24/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Ronald E. Weldy
rweldy@weldylegal.com

KAMIAHA PINNER
11427 Fairport Circle
Indianapolis, IN 46236